IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Alan G. Nix, | ) | Civil Action No. 2:18-1360-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| McCabe Trotter & Beverly, P.C. and | ) | |
| Todd M. Musheff LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 26) recommending that the Court grant Defendants' Motion to Dismiss (Dkt. No. 9). For the reasons set forth below, the Court adopts the R & R as the order of the Court.

I. **Background**

Plaintiff Alan G. Nix owns a home subject to the Churchill Park Homeowners' Association, Inc., ("Churchill") a homeowners' association ("HOA") that charges annual assessments pursuant to the HOA's covenants and restrictions ("CRs"). (Dkt. No. 1-1 at 5, 16, 59.) The HOA employs Defendant McCabe, Trotter & Beverly, P.C. ("MTB") to represent it in the collection of assessments. (*Id.* at 6) Todd. M. Musheff ("Musheff"), whose law firm is named as a Defendant here,[1] wrote the letter at issue in this action. (*Id.* at 12.)

On February 16, 2017, Plaintiff filed a "Scam Report" with the South Carolina Department of Consumer Affairs, alleging that the HOA's former management company, LPPM, Inc., refused to validate the company it was working for when it sent certain letters in 2016. (Dkt. No. 1-1 at

---

[1] There are no allegations in the Complaint that Musheff's firm was involved in collecting the debts alleged owed to Churchill, and instead the Complaint focuses on Musheff's actions on behalf of MTB. (*See* Dkt. No. 1-1 at ¶¶ 5 – 25.)

21 – 26.) Musheff responded to the complaint in a letter to the South Carolina Department of Consumer Affairs dated April 27, 2017,[2] denying the charge and noting the ongoing litigation between the parties. (*Id.* at 10 – 11.) The letter further noted that there is different nomenclature for the neighborhoods at Churchill Park and that the HOA has used management companies. (*Id.*) Documents attached to the Complaint also show that the management company for the HOA changed from LPPM to Gold Crown Management, Inc. on December 21, 2016. (*Id.* at 12 – 13.)

Plaintiff alleges that the letter dated April 27, 2017, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Plaintiff seems to allege that the letter was a debt collection letter and, in responding to Plaintiff's consumer complaint, made a misrepresentation that violated the FDCPA, such as by alluding to Gold Crown as the HOA's management company. The Magistrate Judge recommended granting the motion to dismiss, and Plaintiff filed objections. (Dkt. Nos. 26, 31.)

## II. Legal Standard

### A. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint

---

[2] Plaintiff references this letter both as being sent on May 9, 2017, and as dated April 27, 2017. (Dkt. No. 1-1 at ¶¶ 5 – 7.)

and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto,* 405 U.S. 319 (1972); *Haines v. Kerner,* 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services,* 901 F.2d 387 (4th Cir. 1990).

### C. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber,* 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

Plaintiff filed objections (Dkt. No. 31), and therefore the R & R is reviewed *de novo*.

### III. Discussion

To make out a claim under the FDCPA, a plaintiff must prove that:

(1) plaintiff has been the object of collection activity arising from consumer debt;

(2) defendant is a debt collector as defined by the FDCPA, and;

(3) defendant has engaged in an act or omission prohibited by the FDCPA

*See Chatman v. GC Servs., LP*, 57 F. Supp. 3d 560, 565 (D.S.C. 2014). In relevant part here, the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," or from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C.A. § 1692(e); §1692(f). Courts must review whether a communication is misleading through the lens of the least sophisticated consumer. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 394 – 95 (4th Cir. 2014). Debt collectors are also prohibited from engaging in conduct which would harass or abuse an individual in connection with collecting a debt. 15 U.S.C.A. § 1692(d).

Here, Defendants made no false, deceptive or misleading representations or used any unfair or unconscionable means in attempting to collect a debt. As the Magistrate Judge correctly held, this Complaint does not involve an attempt to collect a debt and therefore does not implicate the FDCPA. Instead, Complaint focuses on a letter sent by MTB to the South Carolina Department of Columbia Affairs to defend itself against a complaint the Plaintiff filed. (Dkt. No. 1-1 at 10 –

11.) While there is no bright-line rule, "[d]etermining whether a communication constitutes an attempt to collect a debt is a 'commonsense inquiry' that evaluates the 'nature of the parties' relationship,' the '[objective] purpose and context of the communication [ ],' and whether the communication includes a demand for payment." *Lovegrove v. Ocwen Home Loans Servicing, L.L.C.*, 666 F. App'x 308, 311 (4th Cir. 2016) (citations omitted). While the letter here included a bolded note on the bottom that "this communication is for the purpose of collecting a debt" and "any information obtained will be used for that purpose," there is no other indication that the letter has anything to do with collecting a debt. (Dkt. No. 1-1- at 10 – 11.) The letter does not reference any amount and does not request any payment from Plaintiff. Indeed, the letter was not even sent to Plaintiff, and was instead sent to a state agency to resolve a consumer complaint. Plaintiff only received the letter because a director at the Department of Consumer Affairs attached the letter to an email regarding Plaintiff's complaint. (Dkt. No. 1-1 at 17.) The letter therefore was not an attempt to collect a debt and Plaintiff's claim under the FDCPA fails.

Furthermore, even if the letter did constitute an attempt to collect a debt, there was no misrepresentation. Documents attached to the Complaint demonstrate that Plaintiff was informed on December 30, 2016, before filing the Scam Report, that Gold Crown Management was the new management company. (Dkt. No. 1-1 at 53.) Therefore, there was no misrepresentation if Defendants were referring to Gold Crown as the management company. As the Magistrate correctly found, the letter further did not harass or abuse Plaintiff in connection with collecting a debt, and instead was a letter sent to a third-party state agency laying out the HOA's position regarding Plaintiff's complaint.[3]

---

[3] Plaintiff also makes extensive objections to abbreviations and other uncontroverted statements used in the R & R. The Magistrate used the phrase "Churchill Park" as an abbreviation for the HOA, the Churchill Park Homeowners' Association, Inc. Furthermore, Plaintiff seems to ignore

Plaintiff also filed a motion to consolidate cases[4] and amend his complaint on September 7, 2018. (Dkt. No. 25.) The Plaintiff failed to include a proposed amended complaint or explain which new claims or new defendants he sought to add. Furthermore, Plaintiff waited over seven weeks after the motion to dismiss had been fully briefed to file his motion to amend. While Rule 15 states that leave to amend should be "freely given when justice so requires," a district court may deny the leave for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006). Here, Plaintiff waited for seven weeks until after the motion to dismiss had been fully briefed for the Magistrate Judge to issue an R & R in the parallel case 2:18-1352. Furthermore, Plaintiff seemingly seeks to relitigate issues already raised and disposed of in state court. Plaintiff's motion to consolidate and amend his complaint is therefore denied.

Finally, the Magistrate Judge correctly held that any attempt by the Plaintiff to relitigate or "appeal" his state foreclosure action in this Court is barred by res judicata, collateral estoppel and the *Rooker-Feldman* doctrine. (Dkt. No. 26 at 8 – 12.) To the extent the state action is still pending, the Court must abstain from interfering with its ongoing proceedings. (*Id.* at 12 – 13.)

---

the distinction between the HOA, which pursued the foreclosure action, and the name of the neighborhood the development in which he lives. Finally, Plaintiff objects repeatedly that there is no evidence that Churchill is a homeowners' association. However, Plaintiff admits as such in his Complaint. (Dkt. No. 1-1- at ¶19.)

[4] Plaintiff sought to consolidate this case with the parallel and related pending action, *Nix v. McCabe Trotter & Beverly PC, et al.*, 2:18-cv-1352.

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 26) is **ADOPTED** as the order of the Court the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. No. 9), and **DENIES** Plaintiff's Motion to Amend (Dkt. No. 25).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 22, 2018
Charleston, South Carolina